**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| NATIONSRENT, INC., et al. | ) | Case Nos. 01-11628 through |
| | ) | 01-11639 (PJW) |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | Adv. Pro. No.: 03-59861 |
| NATIONSRENT UNSECURED CREDITOR'S | ) | |
| LIQUIDATING TRUST, PERRY MANDARINO, | ) | |
| not personally, BUT AS TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | District Court Case No. |
| | ) | 04-CV-1094 (KAJ) |
| v. | ) | |
| | ) | |
| SPECTRA PRECISION D/B/A TRIMBLE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ANSWER**

Defendant, Spectra Precision d/b/a Trimble (the "Defendant"),[1] hereby sets forth its

Answer to Plaintiff's Complaint ("Complaint") as follows:

**GENERAL**

The Defendant denies each and every allegation in the Complaint not specifically

admitted herein.

**INTRODUCTION**

1.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of this allegation.

2.    Defendant is without knowledge or information sufficient to form a belief as to

_____

[1]Defendant is incorrectly identified in the caption to this action, as Trimble Navigation
Limited is the successor in interest to Spectra Precision.

the truth of this allegation.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

4.    Admitted that Trimble Navigation Limited is a corporation that maintains offices at 5475 Kellenburger Road, Dayton, OH 45424, as successor in interest to Spectra Precision.

## JURISDICTION AND VENUE

5.    The allegations of this paragraph call for conclusions of law to which no response is required. To the extent a response is required, Defendant denies said allegations.

6.    The allegations of this paragraph call for conclusions of law to which no response is required. To the extent a response is required, Defendant denies said allegations.

7.    The allegations of this paragraph call for conclusions of law to which no response is required. To the extent a response is required, Defendant denies said allegations.

## COUNT 1 - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547(b)

8.    Defendant incorporates herein its answers contained in paragraphs 1 through 7 above.

9.    Defendant admits receiving transfers from the Debtors within 90 days of the Petition date, but denies the remaining allegations of this paragraph.

10.    The allegations of this paragraph call for conclusions of law to which no response is required. To the extent a response is required, Defendant denies said allegations.

11.    The allegations of this paragraph call for conclusions of law to which no response is required. To the extent a response is required, Defendant denies said allegations.

12.    The allegations of this paragraph call for conclusions of law to which no response

is required. To the extent a response is required, Defendant denies said allegations.

      13.    The allegations of this paragraph call for conclusions of law to which no response is required. To the extent a response is required, Defendant denies said allegations.

      14.    The allegations of this paragraph call for conclusions of law to which no response is required. To the extent a response is required, Defendant denies said allegations.

      15.    The allegations of this paragraph call for conclusions of law to which no response is required. To the extent a response is required, Defendant denies said allegations.

## FIRST AFFIRMATIVE DEFENSE

The transfers at issue in this case were intended as, and were in fact, substantially contemporaneous exchanges for new value given to the Debtor. Pursuant to 11 U.S.C. §547(c)(1), such payments may not be avoided by the Debtor.

## SECOND AFFIRMATIVE DEFENSE

The transfers at issue in this case were made in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant and were made according to ordinary business terms. Pursuant to 11 U.S.C. §547(c)(2), such payments may not be avoided by the Debtor.

## THIRD AFFIRMATIVE DEFENSE

Subsequent to the alleged payments, the Defendant gave new value to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor. Pursuant to 11 U.S.C. §547(c)(4), such payment may not be avoided by the Debtor.

## FOURTH AFFIRMATIVE DEFENSE

In the event that the Court should find that the Defendant owes any amount to the Debtor, the Defendant asserts its right of setoff or recoupment for amounts owed by the Defendant to the Debtor.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant reserves the right, pending completion of discovery, to assert such additional defenses as may exist.

WHEREFORE, the Defendant prays that Plaintiff be denied the relief sought, and that the Defendant be dismissed from the action with costs and fees incurred and any other relief that the court finds proper.

Dated: July 14, 2005
Wilmington, DE

**BIFFERATO, GENTILOTTI & BIDEN**

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
(302) 429-1900
(302) 429-8600 (fax)

-and-

Paul Rimas, Esq
Trimble Navigation Limited
749 N. Mary Avenue
Sunnyvale, CA 94085
(408) 481-8878
(408) 481-7780 (fax)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Joseph K. Koury, hereby certify this 14th day of July, 2005, that copies of the foregoing

*Answer* were caused to be served on the following in the manner so indicated:


BY MAIL
Susan Ericksen, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

BY HAND
Mary Augustine, Esq.
The Bayard Firm
222 Delaware Ave., Suite 900
Wilmington, DE 19801


Joseph K. Koury (#4272)